UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DESMOND M. TURNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 23-1138 |
| BRIAN JOHNSON, *et al.* | ) ) ) |
| Defendants. | ) |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and presently detained at Peoria County Jail, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a Fourteenth Amendment claim for inhumane conditions of confinement. The matter comes before this Court for ruling on the Defendants' Motion for Summary Judgment on the issue of exhaustion of administrative remedies. (Doc. 14) The motion is granted.

## PRELIMINARY MATTERS

### Plaintiff's Motion to Request Expert (Doc. 13)

A district court may, on its own or upon motion, "order the parties to show cause why expert witnesses should not be appointed." Fed. R. Evid. 706(b). The court will employ experts where "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a); *Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997). The decision to appoint an expert is within the court's discretion. *Ledford*, 105 F.3d at 358.

Plaintiff's allegations do not suggest that an expert is necessary to understand his claims in this case, nor does Fed. R. Evid. 702 permit the Court to appoint an expert to assist a party in gathering evidence. Plaintiff's motion is denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## FACTS[1]

Plaintiff filed this lawsuit on April 4, 2023, alleging the presence of black mold, dust, rush, and spider mites within the Peoria County Jail, and that jail officials had failed to remedy the issues. (Doc. 1). The Court's Merit Review found that Plaintiff stated a Fourteenth Amendment inhumane conditions-of-confinement claim against Defendants Johnson and Watkins. (Doc. 5).

---

[1] Plaintiff did not respond to Defendants' motion for summary judgment despite being warned of the consequences for failure to do so. The Court considers the facts asserted in Defendant's motion as undisputed for purposes of this ruling. Fed. R. Civ. P. 56(e)(2).

Individuals detained at Peoria County Jail ("jail") may file grievances as issues arise. The applicable rules provide:

**INMATE COMPLAINTS**

A. Complaint limitations – Complaints are only valid if they allege that services are substandard or that a rule, regulation, or officers' conduct is improper.

B. Filing of a Complaint – All complaints must be submitted on the kiosk in the grievance section within five days of the alleged infraction.

C. Response to Complaints – All complaints will be answered by a designated staff member.

D. Appeals – An inmate not satisfied with the response to a complaint may, by submitting a kiosk grievance, ask that the answer be reviewed by the Correctional Superintendent or his designee within five days of the response. If still not satisfied with the response to a complaint after being reviewed by the Correctional Superintendent or his designee the inmate shall forward his or her complaint to the Illinois Office of Jail and Detention Standards.

UMF 10. Jail officials provided Plaintiff with a copy of the Inmate Handbook containing this and other facility rules upon his arrival at the facility. UMF 8.

Plaintiff filed seven grievances during the months of February and March 2023, two of which involved the conditions he alleges in this lawsuit. UMF 12, 13. Plaintiff did not appeal either grievance after jail officials had responded. UMF 14.

## ANALYSIS

Failure to exhaust is an affirmative defense, and, therefore, defendants bear the burden of showing that a prisoner failed to exhaust all available remedies. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). The Prison Litigation Reform Act (PLRA) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013). The PLRA does not define the process a prisoner must utilize; rather, "state law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA." *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018).

Plaintiff had access to the grievance system, and the record does not permit an inference that his administrative remedies became unavailable at any time. Plaintiff failed to appeal the jail officials' responses as required by jail rules, and, therefore, the Court finds that Plaintiff failed to exhaust his administrative remedies prior to filing suit.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion [13] is DENIED.**

2) **Defendants' Motion for Summary Judgment [14] is GRANTED. This case is dismissed without prejudice. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed below are denied as moot, and this case is terminated. Plaintiff remains responsible for the $350.00 filing fee.**

3) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 21st day of December, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE